IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| SYNERGY MANAGEMENT, LLC a Louisiana Limited Liability Corporation, | : CIVIL ACTION NO. 07-5892 |
| | : |
| | : SECTION: N |
| Plaintiff, | : |
| | : JUDGE: ENGELHARDT |
| vs. | : |
| | : MAGISTRATE: WILKINSON |
| LEGO JURIS A/S, a Denmark Corporation, | : |
| | : |
| Defendant. | : |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff / Counterclaim-Defendant SYNERGY MANAGEMENT, LLC, ("Synergy") by its undersigned attorneys, for its Answer to Defendant's Counterclaims (the "Counterclaims") alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Counterclaims.

2. Denies each and every allegation of Paragraph 2 of the Counterclaims.

3. Denies each and every allegation of Paragraph 3 of the Counterclaims, except admits that Counterclaim Plaintiff purports to assert various "claims" against Synergy.

4. Denies each and every allegation of Paragraph 4 of the Counterclaims, except admits that Lego purports to seek injunctive relief, transfer of the domain name <legotable.com> (the "Domain Name"), treble damages, profits, damages, fees and further relief from the Court.

## PARTIES

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Counterclaims.

6.  Admits the allegations of Paragraph 6 of the Counterclaims.

## JURISDICTION

7.  Admits the allegations in Counterclaim Paragraph 7.

8.  Admits the allegations in Counterclaim Paragraph 8.

9.  Admits the allegations in Counterclaim Paragraph 9.

## FACTS

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Counterclaims.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Counterclaims.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Counterclaims.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Counterclaims.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Counterclaims.  Synergy avers, however, that "Lego" has become generic for plastic blocks, in the same way that "Kleenex" has become generic for facial-tissue.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Counterclaims.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Counterclaims, and refers to the United States Patent and Trademark Office ("PTO") for the contents of its databases.  Synergy avers that the Court may cancel such Registrations on the basis of their having become generic under 15 U.S.C. § 1064(3).

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Counterclaims, and avers, however, that "Lego" has become generic for plastic blocks.   Synergy refers to the PTO for the contents of its databases, and further avers that the Court may cancel such Registrations on the basis of their having become generic under 15 U.S.C. § 1064(3), as the Lanham Act's incontestable provisions do not apply to marks that have become generic.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Counterclaims.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Counterclaims.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Counterclaims.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Counterclaims.

22. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 22 of the Counterclaims.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Counterclaims.

24. Denies knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 24 of the Counterclaim, and avers that, upon information and belief, consumers use the generic term "lego" to encompass "duplo" and other plastic building blocks as well.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Counterclaims, and refers to the records at the PTO for their contents.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Counterclaims.  Synergy refers to the records at the PTO for their contents.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Counterclaims.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Counterclaims.

29. Denies each and every allegation of Paragraph 29 of the Counterclaims.

30. Denies each and every allegation of Paragraph 30 of the Counterclaims, and affirmatively avers that Lego acquiesced in Synergy's use of the Domain Names in connection with the Web site, located at www.legotable.com.

31. Admits that Synergy registered the domain name <legotable.com> (the "Domain Name") on October 23, 2000 in good faith to direct customers to its Web site, which sells lego compatible play tables.

32. Admits that Synergy lawfully registered the domain name <duplotable.com> (the "Duplo Domain Name") on November 22, 2000.

33. Admits that the Domain Names include the words "lego" and "duplo" and, except as expressly admitted, denies the allegations of Paragraph 33 of the Counterclaims.

34. Denies each and every allegation of Paragraph 34 of the Counterclaims.

35. Denies each and every allegation of Paragraph 35 of the Counterclaims, except admits that Synergy offers children's play tables, play cubes and other items for sale through the Web site located at www.legotable.com.

36. Denies each and every allegation of Paragraph 36 of the Counterclaims, except admits that Synergy offers Lego and Duplo compatible play tables made of wood for sale on its Web site.

37. Denies each and every allegation of Paragraph 37 of the Counterclaims, except admits that Synergy modified the identification of its play tables at Lego's request.

38. Denies each and every allegation of Paragraph 38 of the Counterclaims.

39. Denies each and every allegation of Paragraph 39 of the Counterclaims, except admits that customers must specify if they wish to order a Lego compatible or Duplo compatible table.

40. Denies each and every allegation of Paragraph 40 of the Counterclaims.

41. Denies each and every allegation of Paragraph 41 of the Counterclaims.

42. Denies each and every allegation of Paragraph 42 of the Counterclaims.

43. Denies each and every allegation of Paragraph 43 of the Counterclaims.

44. Denies each and every allegation of Paragraph 44 of the Counterclaims.

45. Denies each and every allegation of Paragraph 45 of the Counterclaims.

46. Denies each and every allegation of Paragraph 46 of the Counterclaims.

47. Denies each and every allegation of Paragraph 47 of the Counterclaims.

48. Denies each and every allegation of Paragraph 48 of the Counterclaims.

49. Denies each and every allegation of Paragraph 49 of the Counterclaims.

50. Denies each and every allegation of Paragraph 50 of the Counterclaims.

## ANSWER TO LEGO'S FIRST PURPORTED CLAIM FOR TRADEMARK INFRINGMENT (15 U.S.C. §1141(1))

51.  Synergy repeats and realleges every paragraph prior and every paragraph in Synergy's Complaint for Declaratory Judgment, as if fully set forth herein.

52. Denies each and every allegation of Paragraph 52 of the Counterclaims.

53. Denies each and every allegation of Paragraph 53 of the Counterclaims.

54. Denies each and every allegation of Paragraph 54 of the Counterclaims.

55. Denies each and every allegation of Paragraph 55 of the Counterclaims.

## ANSWER TO LEGO'S SECOND PURPORTED CLAIM FOR FEDERAL UNFAIR COMPETITION (15 U.S.C. §1125(a))

56. Synergy repeats and realleges every paragraph prior and every paragraph in
   Synergy's Complaint for Declaratory Judgment, as if fully set forth herein.

57. Denies each and every allegation of Paragraph 57 of the Counterclaims..

58. Denies each and every allegation of Paragraph 58 of the Counterclaims.

## ANSWER TO LEGO'S THIRD PURPORTED CLAIM FOR FEDERAL
## DILUTION (15 U.S.C. §1125(c)(1))

59. Synergy repeats and realleges every paragraph prior and every paragraph in
   Synergy's Complaint for Declaratory Judgment, as if fully set forth herein.

60. Denies each and every allegation of Paragraph 60 of the Counterclaims.

61. Denies each and every allegation of Paragraph 61 of the Counterclaims.

62. Denies each and every allegation of Paragraph 62 of the Counterclaims.

63. Denies each and every allegation of Paragraph 63 of the Counterclaims.

64. Admits that Synergy possesses no federal or state trademark rights for Lego.

65. Denies each and every allegation of Paragraph 65 of the Counterclaims.

## ANSWER TO LEGO'S FOURTH PURPORTED CLAIM FOR FEDERAL
## CYBERSQUATTING (15 U.S.C. §1125(d))

66. Synergy repeats and realleges every paragraph prior and every paragraph in
   Synergy's Complaint for Declaratory Judgment, as if fully set forth herein.

67. Denies each and every allegation of Paragraph 67 of the Counterclaims.

68. Denies each and every allegation of Paragraph 68 of the Counterclaims.

69. Denies each and every allegation of Paragraph 69 of the Counterclaims.

## ANSWER TO LEGO'S FIFTH PURPORTED CLAIM FOR UNFAIR COMPETITION UNDER LOUISIANA STATE LAW (La. Rev. Stat. § 51:1405(A))

70. Synergy repeats and realleges every paragraph prior and every paragraph in Synergy's Complaint for Declaratory Judgment, as if fully set forth herein.

71. Denies each and every allegation of Paragraph 71 of the Counterclaims..

72. Denies each and every allegation of Paragraph 72 of the Counterclaims.

## ANSWER TO LEGO'S SIXTH PURPORTED CLAIM FOR DILUTION UNDER LOUISIANA STATE LAW(La. Rev. Stat. § 51:223.1)

73. Synergy repeats and realleges every paragraph prior and every paragraph in Synergy's Complaint for Declaratory Judgment, as if fully set forth herein.

74. Denies each and every allegation of Paragraph 74 of the Counterclaims.

75. Denies each and every allegation of Paragraph 75 of the Counterclaims.

76. Denies each and every allegation of Paragraph 76 of the Counterclaims.

## SYNERGY'S FIRST AFFIRMATIVE DEFENSE

77. As and for its First Affirmative Defense Synergy alleges that Lego acquiesced in Synergy's use of Lego's purported marks years prior to Lego's filing of the Uniform Domain Name Dispute Resolution Policy ("UDRP") proceeding with the

World Intellectual Property Organization regarding the Domain Name, or the
Counterclaims herein.

## SYNERGY'S SECOND AFFIRMATIVE DEFENSE

78. As and for its Second Affirmative Defense, Synergy alleges that it has at all times
fairly and lawfully described the products that it sells and that any mention of
Lego's purported marks is a nominative fair use.

## SYNERGY'S THIRD AFFIRMATIVE DEFENSE

79. As and for its Third Affirmative Defense, Synergy avers that the word "lego" is
used by consumers and others, without discrimination, to refer to children's
building blocks.  Accordingly, "lego" has become generic for interlocking plastic
blocks.  Thus, Lego is entitled to no protection as a trademark, and the District
Court may cancel Lego's United States registrations with the PTO.

## SYNERGY'S FOURTH AFFIRMATIVE DEFENSE

80. As and for its Fourth Affirmative Defense, Synergy alleges that use of a domain
name to point to another Web site is not a "use in commerce" under the Lanham
Act, or Louisiana State Law, and no actions for infringement, dilution or unfair
competition may lie.

## SYNERGY'S FIFTH AFFIRMATIVE DEFENSE

81. As and for its Fifth Affirmative Defense, Synergy avers that at all times, Synergy
has acted in Good Faith.

## SYNERGY'S SIXTH AFFIRMATIVE DEFENSE

82. As and for its Sixth Affirmative Defense Synergy alleges that Lego's purported
claims are barred by the doctrine of Laches.

## SYNERGY'S SEVENTH AFFIRMATIVE DEFENSE

83. Because the various paragraphs of Defendant's Counterclaims do not comply with
FRCP 8(a) and (e), Plaintiff is not required to separately admit or deny each
averment therein.

## SYNERGY'S EIGHTH AFFIRMATIVE DEFENSE

84. Plaintiff reserves the right to amend this Answer to Counterclaims to allege
additional affirmative defenses, as such defenses may arise.

WHEREFORE, Synergy respectfully demands judgment as follows:

(1) That a ruling be issued denying Lego's claims, and issue a ruling declaring that
Synergy has not violated the trademark laws of Louisiana or the United States,
declaring also that Synergy has made a fair use of Lego's purported trademarks;
and

(2) That a ruling be issued directing the Patent and Trademark Office of the United

States to cancel Lego's registrations for Lego pursuant to 15 U.S.C. §1064(3) on

the basis of having become generic for interlocking plastic blocks.

(3) That the Court award Synergy its costs and fees; and

(4) Any other relief that is just and proper

Respectfully Submitted,

Dated: 4-7-08

By_____

Brett E. Lewis (BL6812) *Pro Hac Vice*
LEWIS & HAND, LLP

Terrence J. Lestelle (8540)
Adrea S. Lestelle (8539)
Jeffery B. Struckhoff (30173)
LESTELLE & LESTELLE

*Attorneys for Plaintiff and*
*Counterclaim Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all

counsel of record in this proceeding via the Court's ECF system or, if necessary, by placing

same in the United States mail, properly addressed with first class postage prepaid, this 7

day of April , 2008.

Brett E. Lewis