UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SYNERGY MANAGEMENT, LLC                    CIVIL ACTION

VERSUS                                     NO. 07-5892

LEGO JURIS A/S                             SECTION "N" (2)

**ORDER AND REASONS**

Before the Court is the Motion to Strike (Rec. Doc. 15), filed by Defendant and Counterclaim-Plaintiff LEGO Juris A/S ("LEGO"). This motion was opposed by Plaintiff and Counterclaim-Defendant Synergy Management, LLC ("Synergy"). After considering the memoranda of the parties and the applicable law, the Court rules as set forth herein.

**I.   BACKGROUND**

LEGO filed an action to recover the domain name, legotable.com,[1] registered and used by Synergy with the World Intellectual Property Organization ("WIPO"). The WIPO granted judgment to LEGO, and ordered the domain name transferred to LEGO.

On September 24, 2007, Synergy filed this lawsuit,

---

[1] Synergy is using legotable.com to sell children's play tables, which may be used in conjunction with both LEGO bricks as well as bricks made by competitors of LEGO. "LEGO" is a registered trademark of LEGO.

requesting that this Court declare it to be the rightful registrant of the domain name legotable.com and to cancel the domain name transfer ordered by WIPO. (Rec. Doc. 1). LEGO answered Synergy's Complaint and asserted counterclaims[2] against Synergy arising from its registration and use of the domain names legotable.com and duplotable.com.[3]  (Rec. Doc. 7).

Synergy answered LEGO's counterclaims, asserting as its Third Affirmative Defense that "'LEGO' has become generic for interlocking plastic blocks." (Rec. Doc. 14, ¶ 79.) Synergy also claims that because of the alleged genericism of the "LEGO" mark, "Lego is entitled to no protection as a trademark, and the District Court may cancel Lego's United States registrations with the PTO."  (*Id.*) Further, Synergy requests the Court to direct "the Patent and Trademark Office of the United States to cancel Lego's registrations for Lego pursuant to 15 U.S.C. § 1064(3) on the basis of having become generic for interlocking plastic blocks." (Rec. Doc. 14, p. 11).

In the instant motion, LEGO requests that, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, this Court strike

---

[2]  The counterclaims asserted by LEGO include: federal trademark infringement under 15 U.S.C. § 1115(1); federal unfair competition and false designation of origin under 15 U.S.C. § 11125(a); federal trademark dilution under 15 U.S.C. §1125(c); cybersquatting under 15 U.S.C. § 1125(d); and other state law claims.

[3]  Like "LEGO," "DUPLO" is also a registered trademark of LEGO.

2

the portions of Synergy's Answer to its Counterclaims (Rec. Doc. 14) that seek cancellation of LEGO's federal trademark registrations for the mark "LEGO."

**II.  LAW AND ANALYSIS**

   **A. Legal Standard**

A district court may strike from a pleading any insufficient defense or order or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Granting a motion to strike a matter from a pleading is within discretion of court. *F.D.I.C. v. Niblo*, 821 F.Supp. 441 (N.D. Tex.1993). Motions to strike made under Rule 12(f) are viewed with disfavor by the federal courts, and are infrequently granted. C. Wright & A. Miller, 5C Fed. Prac. & Proc.3d § 1380.

   **B. Analysis**

Here, LEGO claims that the portions of Synergy's Answer to its Counterclaims (Rec. Doc. 14) that seek cancellation of its federal trademark registrations for the mark "LEGO" violate Rule 8 of the Federal Rules of Civil Procedure in that they fail to provide a short and plain statement of what is relief is being requested.[4]  In its opposition, Synergy does not dispute LEGO's argument that its Third Affirmative Defense lacks specificity

---

[4] For instance, LEGO notes that Synergy failed to recognize that LEGO has nearly 30 registered marks for "LEGO," which cover a wide array of goods, far beyond the "interlocking plastic blocks" for which Synergy asserts "LEGO" has become generic.

3

adequate to put LEGO on notice of what relief it is requesting. Instead, Synergy seeks to clarify its defense by further detailing the relief its seeks. (Rec. Doc. 16, pp.1-2). However, the proper vehicle to provide such a clarification on the record would clearly come in the form of a motion to amend and supplement the answer, instead of providing it in the form of an opposition to a motion to strike.

Because the Court finds that Synergy's Third Affirmative Defense lacks sufficient information to put LEGO on notice of the claim and because Synergy has not disputed this contention, it grants the motion to strike without prejudice to Synergy's right to seek leave to amend its answer to specify the following:

(1) which of LEGO's registrations should be cancelled (Synergy shall attempt to identify these registrations by registration number or other identifying information), and

(2) whether Synergy is seeking cancellation of all of LEGO's LEGO-inclusive registrations, or only those registrations for the "LEGO" mark without design elements or additional terms. The Court strongly recommends that in drafting its amended Answer, Synergy take into account the arguments made by LEGO in its Motion to Strike (Rec. Doc. 15) and its Reply in support thereof (Rec. Doc. 20).

### III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **Motion to**

**Strike (Rec. Doc. 15)** is **GRANTED WITHOUT PREJUDICE** to Synergy's right to seek leave to supplement its answer, within 15 days of the entry of this Order, as detailed herein.

New Orleans, Louisiana, this <u>24th</u> day of <u>October</u>, 2008.

_____
**KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE**